**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRIS WILLIS and MARY WILLIS, individually and Successors in Interest to Stephen Willis,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>CITY OF FRESNO; et al.,<br><br>Defendants-Appellants. | No. 14-16560<br><br>D.C. No. 1:09-cv-01766-BAM<br><br>MEMORANDUM[*] |
| CHRIS WILLIS and MARY WILLIS, individually and Successors in Interest to Stephen Willis,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF FRESNO; et al.,<br><br>Defendants-Appellees. | Nos. 14-16641<br><br>D.C. No. 1:09-cv-01766-BAM |

Appeals from the United States District Court
for the Eastern District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

Before:  MELLOY,[**] CLIFTON, and WATFORD, Circuit Judges.

**1.**  The district court did not err by denying defendants' motion for judgment as a matter of law.  Given the evidence presented at trial, a reasonable jury could conclude that Officer Catton used excessive force in firing the final shot or shots.  While we acknowledge that the jury heard conflicting accounts as to whether Willis was reaching for his gun when Officer Catton fired, it was for the jury to decide which version of events to believe.  The jury could reasonably have concluded from the evidence that Willis was not reaching for his gun and that Officer Catton's use of force was therefore unreasonable.[1]

The district court did not err by denying Officer Catton qualified immunity.  The evidence presented at trial established that if Willis had been reaching for the gun, deadly force was justified.  Since the jury concluded that the force used was

---

[**]     The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

[1]  We agree with the district court that the jury must have concluded that the officers' use of force was objectively reasonable during the initial shots and main volley of gunfire, but that Officer Catton's decision to fire the final shot or shots was not objectively reasonable.

not justified, it must have concluded that Willis was not reaching for the gun and thus did not pose an immediate threat of harm when Officer Catton fired.

The constitutional right to be free from the use of deadly force absent an immediate threat of harm to officers or others was clearly established at the time Officer Catton acted. *See Tennesee v. Garner*, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010). All reasonable officers would have known that using deadly force on an individual who poses no immediate threat to the officer or others violates the Fourth Amendment.

**2.** The district court did not abuse its discretion by admitting testimony from plaintiffs' use-of-force expert. The expert opined that Willis no longer posed a threat when Officer Catton fired the final shot or shots, and acknowledged during cross-examination that if Willis had been reaching for the gun, deadly force would have been appropriate. As noted above, the jury was responsible for resolving whether Willis was reaching for the gun at the time Officer Catton fired. Allowing plaintiffs' expert to respond to hypotheticals based on evidence presented at trial was not an abuse of discretion.

**3.** The district court did not abuse its discretion by declining to submit special interrogatories to the jury. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). The district court, in its pre-trial order, set November 22,

2013, as the deadline to submit jury instructions and verdict forms. Defendants did not raise the issue of special interrogatories until just before the close of their case-in-chief on December 13, 2013, and they did not submit proposed interrogatories until December 14, 2013. Given the lateness of the request and the fact that the verdict form already required a jury determination of all factual issues essential to the judgment, the district court did not abuse its discretion by refusing to submit defendants' untimely special interrogatories to the jury. *See Landes Construction Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1374 (9th Cir. 1987).

**4.** The district court did not abuse its discretion by admitting evidence of Willis' alcohol intoxication. Evidence of Willis' intoxication was relevant to the jury's assessment of whether to believe the officers' testimony that Willis disregarded their orders to drop his gun and instead aimed it at them. *See Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009).

The district court abused its discretion by admitting evidence of Willis' marijuana use. Defendants presented no evidence indicating that Willis had consumed marijuana in the 72 hours before the shooting and no evidence linking Willis' marijuana use to his disputed behavior. The error in admitting this evidence, however, was harmless. Because defendants presented no evidence of a causal relationship between Willis' marijuana use and his behavior on the night in

question, no reasonable probability exists that the jury relied on this evidence in finding Willis 80% contributorily negligent. *See Obrey v. Johnson*, 400 F.3d 691, 699–701 (9th Cir. 2005).

**5.** The district court erred by precluding plaintiffs from seeking damages for Willis' pre-death pain and suffering. The court, relying on California state law, ruled that such damages were not recoverable. Cal. Civ. Proc. Code § 377.34. Shortly after entry of judgment, this court held that § 377.34 limits recovery too severely to be consistent with the deterrence policy underlying 42 U.S.C. § 1983, and that plaintiffs may therefore seek damages for pre-death pain and suffering under § 1983 when the decedent's death was caused by the violation of federal law. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). We must accordingly vacate the judgment on plaintiffs' § 1983 claim and remand the case to the district court so that plaintiffs may present evidence in support of their claim for pre-death pain and suffering damages. As noted earlier, we agree with the district court that the jury's verdict reflects an implicit finding that the officers' use of force was objectively reasonable throughout their encounter with Willis, except for the final shot or shots fired by Officer Catton. Therefore, on remand, plaintiffs will be limited to recovering only those pre-death pain and suffering damages caused by Officer Catton's final shot or shots.

**6.** The district court did not commit reversible error during jury selection. Plaintiffs contend they were forced to use peremptory strikes to correct the district court's erroneous denial of their for-cause challenges. We need not determine whether the district court erred in failing to dismiss the challenged jurors for cause because a party is not constitutionally harmed as a result of using peremptory strikes to cure a for-cause mistake. *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000). Since the allegedly biased jurors did not ultimately sit on the jury, a new trial is not warranted. *See id.* at 316.

**7.** The district court properly denied plaintiffs' motion for a new trial, which asserted that there was no factual support for the jury's comparative negligence finding. A reasonable jury could conclude, based on its assessment of the entire encounter between the officers and Willis, that Willis was 80% responsible for his injuries.

**8.** With respect to the district court's ruling on attorney's fees, we reject defendants' argument that the district court erred by awarding plaintiffs fees for work performed on the prior appeal. Plaintiffs were not required to file a motion requesting fees at the conclusion of the prior appeal because at that point they were not prevailing parties under 42 U.S.C. § 1988; all they had won on appeal was the right to pursue their claims at trial. Thus, any motion for attorney's fees at that

time would have been premature.  *See Tribble v. Gardner*, 860 F.2d 321, 328 (9th Cir. 1988).  We also reject defendants' argument that the district court erred by considering plaintiffs' pendent state law claims when evaluating the degree of success plaintiffs achieved in the litigation.  *See Farrar v. Hobby*, 506 U.S. 103, 112–13 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 434–37 (1983).  Defendants' remaining challenges to the district court's fee award are likewise without merit.

We decline to rule on plaintiffs' contentions that the district court abused its discretion by reducing counsel's hourly rates and by imposing an across-the-board 35% reduction.  The district court should revisit these issues following the limited re-trial on the issue of pre-death pain and suffering damages.  The court predicated the 35% reduction at least in part on the degree of success plaintiffs achieved in the litigation, which could change depending on the extent to which plaintiffs recover damages for Willis' pre-death pain and suffering.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

The parties shall bear their own costs.

Defendants' Motion to Strike Plaintiffs' Supplemental Letter Brief filed January 13, 2016, is DENIED.